## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**KORTNEY MOORE, JR.**

       **Petitioner,**

**v.**                                                   **Case No. 3:21-cv-00671**

**WEST VIRGINIA PAROLE BOARD,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed the instant § 2241 petition, Petitioner was a federal prisoner incarcerated at FCI Cumberland, in Cumberland, Maryland, serving concurrent 42-month terms of imprisonment following his conviction on three firearms offenses in the United States District Court for the Northern District of Ohio. *See United States v. Moore*, No. 5:19-cr-00352-DCN-1 (N.D. Ohio, May 18, 2020). Thus, Petitioner was neither convicted in, nor incarcerated in this judicial district. However, the instant petition asserts due process and speedy trial violations arising out of the placement of a detainer against Petitioner by the West Virginia Parole Board for alleged violations of his state parole conditions stemming from a prior conviction in the Circuit Court of Cabell County, West Virginia, which does lie within this judicial district.

Specifically, Petitioner contends that the West Virginia Parole Board refused to grant him a parole revocation hearing, but issued a warrant and lodged a detainer against him, which was preventing his ability to participate in certain programs at the federal prison and allegedly affected his ability to be released to a halfway house in March of 2022.   (ECF No. 1 at 6, Ground One). Petitioner further asserts that the failure to either grant him a parole revocation hearing, as requested on November 11, 2020, or to quash the detainer, violated his speedy trial rights.   (*Id.*, Ground Two).   Petitioner seeks a court order requiring a prompt parole revocation hearing and quashing the detainer.   (*Id.* at 7).[1]

However, according to the Federal Bureau of Prisons ("BOP") website, Petitioner was released from federal custody on March 25, 2022.   A search of the inmate locator websites for the West Virginia Division of Corrections and Rehabilitation further suggests that Petitioner is not presently in the custody of a West Virginia correctional facility.   Thus, Petitioner is no longer "in custody" for the purposes of § 2241.

## ANALYSIS

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3) [Emphasis added]. However, this court is unable to grant Petitioner's requested relief under § 2241 for several reasons and, thus, has not required any response from Respondent.

---

1   To the extent that Petitioner's petition challenges only the validity of the state detainer, and not the Petitioner's federal detention itself, it should be brought pursuant to 28 U.S.C. § 2254, rather than § 2241.   *See Jones v. Deboo*, No. 1:11CV142, 2012 WL 2396872, at *3 (N.D. W. Va. Apr. 17, 2012), *report and recommendation adopted*, No. 1:11CV142, 2012 WL 2396367 (N.D.W. Va. June 25, 2012).   Nonetheless, the undersigned will treat the petition as it was brought under § 2241 as he does appear to be asserting that the detainer affected his terms and conditions of federal detention.

First, although § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a § 2241 petition in federal court. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975). Petitioner has not alleged or demonstrated that he attempted to resolve his claims in the West Virginia state courts before filing the instant petition in this federal court.

More significantly, however, it now appears that any habeas corpus proceeding challenging Petitioner's detention is moot due to his release from federal custody and the fact that he does not appear to presently be in state custody. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As Petitioner does not appear to be currently detained in either federal or state custody, no habeas corpus relief may be properly granted.

Nonetheless, even if Petitioner were still in custody or facing collateral consequences based upon the alleged parole revocation detainer placed against him, he is not entitled to any relief on the claims raised in his § 2241 petition. At bottom, there is no federal constitutional or statutory

3

basis to dismiss the detainer placed against him.  Though the instant petition does not plainly

reference the Interstate Agreement on Detainers Act ("IAD"), that statute appears to be the most

relevant federal provision under which he could plausibly seek relief, as it facilitates the prompt

resolution of state charges for prisoners in custody of another state or the federal government.  *See*

*Greear v. Warden, FCI Beckley*, No. 5:22-cv-00390, 2023 WL 2534046, *3 (S.D. W. Va. Feb. 17,

2023).

Under the IAD, a prisoner with charges pending in another state has the right to demand

that a trial be held within 180 days or else the charges may be dismissed. *See* 18 U.S.C. App.2 §

2; *United States v. Starks*, No. 3:18-00249-02, 2021 WL 1342532, at *1 (S.D.W. Va., Apr. 9,

2021).  However, the IAD only applies to any "untried indictment, information, or complaint."

*Carchman v. Nash*, 473 U.S. 716, 726 (1985).   Thus, it does not apply to a detainer for a probation

violation.  *Id.*  As specifically stated in *Carchman*, "[t]his Court has never held [...] that a prisoner

subject to a probation violation detainer has a constitutional right to a speedy probation revocation

hearing."  *Id.* at 731 n.10; *see also Moody v. Daggett*, 429 U.S. 78 (1976) (federal parolee not

constitutionally entitled to prompt parole revocation hearing after detained with the institution of

his confinement but not served on him).

After *Carchman*, the Fourth Circuit and district courts therein have similarly held that a

state prisoner is not entitled to a speedy probation revocation hearing under either the IAD or the

Fourteenth Amendment.  *See Vuorela v. Maryland*, 867 F.2d 610 (4th Cir. 1989) (*per curiam*);

*Feather-Gorbey v. Warden, FCI Cumberland*, No. RDB-18-1602, 2018 WL 5809673, at *4 (D.

Md. Nov. 6, 2018); *Pagan v. U.S. Dist.*, No. 7:12-cv-00170, 2012 WL 1357549, at *1 (W.D. Va.,

Apr. 19, 2012); *Ayres v. Eagleton*, No. 2:10–1967–JFA–RSC, 2010 WL 4363389, at *1 (D.S.C.,

Aug. 12, 2010), *report and recommendation adopted*, 2010 WL 4337996 (D.S.C., Oct. 27, 2010).

Thus, even if Petitioner's petition were properly before this court, he would not be entitled to a

dismissal of the probation violation detainer lodged against him as asserted in his petition.

## **RECOMMENDATION**

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge

**DISMISS** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and

72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing

Proceedings in the United States District Courts Under Section 2254 of Title 28, United States

Code, Petitioner shall have fourteen days (filing of objections) and then three days

(service/mailing) from the date of filing this Proposed Findings and Recommendation within

which to file with the Clerk of this Court, specific written objections, identifying the portions of

the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection.   Extension of this time period may be granted by the presiding District Judge for good

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

*Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright*

*v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Copies of such objections shall be served on Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Petitioner.

July 11, 2023

_____
Dwane L. Tinsley
United States Magistrate Judge